Mark Aussieker
8830 Olive Ranch Lane
Fair Oaks, CA 95628
Phone: 916-705-8006
aussieker1@gmail.com

*in pro per*



FILED

APR 19 2019

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
              DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Mark Aussieker,<br><br>   Plaintiff,<br><br>v.<br><br>THE DUCTS TIGERS, LLC and RON BAUR as an individual<br><br>   Defendant(s) | No. 2:19-CV-665 MCE DB PS<br><br>**COMPLAINT FOR DAMAGES**<br>Trial by Jury not requested, Limited Civil |

Plaintiff MARK AUSSIEKER ("Plaintiff"), on behalf of himself alleges as follows:

1. Plaintiff Mark Aussieker ("Plaintiff" or "Mr. Aussieker") brings this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act "TCPA", 47 U.S.C. § 227, a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. Upon information and belief, Defendants have jointly and severally placed telemarketing calls to a telephone number Mr. Aussieker had registered on the national Do Not Call Registry without Mr. Aussiekers consent. As a result, Defendants are liable for those calls.

## PARTIES

3. Plaintiff Mark Aussieker is an individual and resident of the state of California.

4. Defendant THE DUCTS TIGERS, LLC is a Colorado Corporation that registered with secretary of state of Colorado. THE DUCTS TIGERS is a "person" as defined by 47 US.C. § 153 (39). Will be reffered to as "DUCT TIGERS"

5. Defendant RON BAUR is an individual and member manager of defendant THE DUCTS TIGERS. RON BAUR is a "person" as defined by 47 US.C. § 153 (39). Will be reffered to as "BAUR"

### Jurisdiction & Venue

6. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper pursuant to 28 U.S.C. § 1391 (b)(2) because the Plaintiff is a resident of this district, which is where he received the illegal telemarketing calls that are the subject of this lawsuit.

8. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred within this District.

9. This Court has personal jurisdiction over the parties because Defendants systematically and continually have conducted business in the State of California. Likewise, Plaintiff's rights were violated in the State of California and his claims arose out of his contact with Defendants from California.

### Statutory Background

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the

telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

11. The national Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

13. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

14. Any person whose receives a phone call from in violation 47 U.S.C. § 227(b)(1) (A) can sue the violator and seek statutory damages. 47 U.S.C §227(b)(3)(B)

15. The following passage cites the code which allows the plaintiff to sue the defendant and seek the statutory damages: 47 U.S.C. § 227(b)(1) (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
(iii) to any telephone number assigned to a paging service, cellular telephone service,

specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the federal government."

16. Automatic Telephone Dialing System, which the statute defines as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 USC 227(a)(1). Notwithstanding this limited definition, the Ninth Circuit ruled in Marks v. Crunch San Diego, LLC that an ATDS means more than what the statute says. The question is whether, in order to be an ATDS, a device must dial numbers generated by a random or sequential number generator or if a device can be an ATDS if it merely dials numbers from a stored list."

17. The Court answered in the affirmative merely that if the dialer dials numbers from a stored list, it is considered an ATDS. Marks decision is now the law of the land in the 9th circuit as of February 19th after the parties settled.

18. All a plaintiff needs to show is that a call or text message was made using an auto dialer to a number assigned to cellular service, or that the calling party was charged for the call. In this case, plaintiff received a text message on his cellular phone where he was both charged for the call and call was made to a number assigned for cellular service.

19. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id* No agreement is in place.

20. The intent for treble damages does not require any malicious or wanton

conduct, but rather is satisfied by merely 'knowing' conduct

## Common Allegations of Fact

21. Defendant DUCT TIGERS is in the air duct cleaning business.

22. Defendant DUCT TIGERS advertises with mailers and telemarketing, conducts duct cleaning business in Sacramento County

23. Plaintiffs phone number ending in 8006 was added to the Do Not Call list in February 2003.

24. Plaintiff has maintained the same cell phone ending in 8006 continuously since 2002.

25. The reason for DUCT TIGERZ to call plaintiff was to promote its duct cleaning business.

26. Plaintiff received telemarketing calls from DUCT TIGERS.

27. Many others have complained.

28. Defendant played a pre-recorded message at the initiation of the call. A copy of the recording can be heard at https://www.nomorobo.com/lookup/916-915-5271



29. DUCT TIGERS asked if plaintiff would like the ducts cleaned for $39

30. Plaintiff feigned interest to learn the identity of the caller.

31. Mr. Aussieker never consented to receive these calls. Plaintiff never gave permission to DEFENDANT to call pursuant to 47 C.F.R. §64.1200(f)(8)

32. Mr. Aussieker has a concrete injury being the receipt of such phone calls that Congress intended to remedy through passage of the TCPA.

33. Mr. Aussieker's concrete injury as it relates to the *Spokeo* decision is loss of productivity for answering the call, decreased battery life, could not listen to music while on the phone, the nuisance of receiving a telephone call and having to wait for the other party to pick up the phone, defendants bothering him with unrequested solicitations.

34. On December 8th at 10:10 am, DUCT TIGERZ or its authorized agent placed a telephone call (the "first Call') to Plaintiffs cellular telephone number (916-705-8006) for the commercial purpose of selling its services. During and/or in regard to the first Call, Defendant knowingly and/or willfully:

- Called Plaintiffs cellular telephone without Plaintiff's prior express consent or approval
- used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services.
- Manipulated the phone number to a non working telephone number.
- Played a pre recorded message identical to the first call.
- Defendant Failed to check Plaintiffs name and telephone number(s) on its Do-Not-Call List
- Emily confirmed the appointment and gave the call back number of 844-377-7472 , which is confirmed to be the defendants.
- Here is a screen shot of the call



35.     On 12/10/19, an individual driving a vehicle registered to RON BAUR arrived at Plaintiffs house to perform a duct clean.

36.     DEFENDANT advertises in the "Retail me Not" which is a circular type of mailer.

37.     DUCT TIGERS has not been issued a certificate of registration from the Secretary of State in California to do business in California.

38.     A certificate of registration is required for THE DUCT TIGERS, LLC to do business in California.

39.     On 04/15/2019  at 06:40 PM, DUCT TIGERZ or its authorized agent placed a telephone call (the "second Call') to Plaintiffs cellular telephone number (916-705-8006) for the commercial purpose of selling its services. During and/or in regard to the first Call, Defendant knowingly and/or willfully:

- Called Plaintiffs cellular telephone without Plaintiff's prior express consent or approval

- o used an "automatic telephone dialing system" as defined by 47 U.S.C. § 227(a)(1) to place its call to Plaintiff seeking to solicit its services.
- o Manipulated the phone number to a non working telephone number.
- o Defendant Failed to check Plaintiffs name and telephone number(s) on its Do-Not-Call List
- o Played a pre recorded message as heard on Nomo Robo website.
- o Here is a screen shot of the call



40.

41. Colorado law governs THE DUCT TIGERS, LLC pursuant to CA corp code 17708.01

CAUSES OF ACTION

## COUNT 1

**(1st call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii) – Auto Dialer**

37. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

38. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a Call to Plaintiff's cell phone using an automated dialing system, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for each of the seven violation.

39. As a result of Defendants action that calls were automatically dialed, which constitutes Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a total award of $1,500.00 in statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT 2

**(1st call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii) – Pre recorded message**

40. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

41. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a Call to Plaintiff's cell phone with a pre-recorded message, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227(b)(1)(A)(iii) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for each of the seven violation.

42. As a result of Defendants action, which constitutes Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a total award of $1,500.00 in

statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT 3

**(2nd call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii)** – Auto Dialer

43. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

44. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a Call to Plaintiff's cell phone using an automated dialing system, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227**(b)(1)(A)(iii)** and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for each of the seven violation.

45. As a result of Defendants action that calls were automatically dialed, which constitutes Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a total award of $1,500.00 in statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT 4

**2nd call - Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)(1)(A)(iii)** – Pre recorded message

46. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

47. Defendant's own conduct (b) by the fact that others made those calls on its behalf by placing a Call to Plaintiff's cell phone with a pre-recorded message, violated 47 C.F.R. § 64.1200(a)(2) and 47 U.S.C. § 227**(b)(1)(A)(iii)** and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for each of the seven violation.

48. As a result of Defendants action, which constitutes Defendant's knowing and/or willful

violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a total award of $1,500.00 in statutory damages, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT 5

**(1st call made to number on do not call list)** Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B)

49. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

50. Defendant's own conduct and/or by the fact that others made those calls / texts and ignoring the Do-Not-Call List, as demonstrated by Defendant's text message calls to Plaintiffs cell phone, violated 47 U.S.C.§227(c)(5)(B) and 47 C.F.R. §64.1200(d) and, therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for the two violation.

**51.** Defendant's own conduct and/or by the fact that others made those calls on its behalf, in failing to check the numbers against a do not call list constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and 47 C.F.R. §64.1200(e). Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for the two violations.

## COUNT 6

**(2nd call made to number on do not call list)** Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5)(B)

52. Plaintiff hereby incorporates, as if fully rewritten herein, all foregoing paragraphs.

53. Defendant's own conduct and/or by the fact that others made those calls / texts and ignoring the Do-Not-Call List, as demonstrated by Defendant's text message calls to Plaintiffs cell phone, violated 47 U.S.C.§227(c)(5)(B) and 47 C.F.R. §64.1200(d) and,

therefore, Plaintiff is entitled to an award of statutory damages in the minimum amount of $500 for the two violation.

**54.** Defendant's own conduct and/or by the fact that others made those calls on its behalf, in failing to check the numbers against a do not call list constitutes a knowing and/or willful violation of 47 U.S.C. §227(c)(5)(B) and 47 C.F.R. §64.1200(d)(2) and 47 C.F.R. §64.1200(e). Plaintiff is entitled to an award of statutory treble damages in the amount of $1,500 for the two violations.

**55.**

## COUNT 7

## RATIFICATION

56. Plaintiffs incorporate herein by reference the preceding paragraphs as if fully set forth herein, and count against THE DUCTS TIGERS, LLC and RON BAUR

57. RON BAUR was the member manager, and an employee of THE DUCTS TIGERS, LLC during all relevant times

58. At the time of the acts alleged herein, there was an actual or assumed agency relationship between THE DUCTS TIGERS, LLC and RON BAUR, as well as between THE DUCTS TIGERS, LLC and RON BAUR as a member manager.

59. RON BAUR participated in the illegal calls by allowing his personal vehicle to be used to run sales appointments.

60.

61. The general tort rule that 'corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body . Member manager RON BAUR are thus

responsible for continued violations 47 U.S.C. § 227 et seq.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against DUCT TIGERS and RON BAUR, jointly and individually for the following:

1. Injunctive relief prohibiting such violations of the TCPA by Defendants in the future.

2. For an order finding in favor of Plaintiff, on all counts asserted herein;

3. For an order awarding statutory damages to plaintiff in amount of $9,000 as detailed in counts 1 thru 6.

4. Any other relief the court deems proper.

5. For Costs

Respectfully Submitted this 19th Day of April, 2019.

Certification and Closing Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11. I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 4-19, 2019

Signature of Plaintiff _____

Printed Name of Plaintiff    Mark Aussic